UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MAURICE WILLIAMS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06CV1344 JCH |
| | ) |
| **JOHN DOE #1, et al.,** | ) |
| | ) |
| Defendants. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Maurice Williams (registration no. N/A) for leave to commence this action without payment of the required filing fee [Doc. #1].

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner[1] bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial

---

[1]Plaintiff was incarcerated when the complaint was filed on September 8, 2006. Plaintiff informed the Court that he was being released from St. Louis County Justice Center on October 10, 2006. However, § 1915(b)(1) continues to apply. In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is a prisoner on the day he files a civil action, the PLRA applies.").

filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $0.00, and an average monthly account balance of $0.00. Applicant has insufficient funds to pay any portion of the filing fee. Accordingly, the Court will waive the filing fee.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1985 for an alleged conspiracy to interfere with his civil rights. Named as defendants are John Doe #1 and James Doe #2, both are alleged to be police officers at the North Patrol Division of the Metropolitan Police Department, City of St. Louis, Missouri.

Plaintiff's allegations arise out of a traffic stop that led to his arrest and subsequent detention at St. Louis County Justice Center. Plaintiff claims that defendant Doe #1 signaled him to pull his vehicle to the side of the road despite the fact that he was not violating any law or traffic ordinance. Plaintiff, an African-American, alleges that defendant's sole

-3-

motivation for causing him to pull over was his race.  Plaintiff admits, however, that defendant Doe #1 stated that the reason he stopped plaintiff was because plaintiff had a temporary registration sticker in his rear window defendant Doe #1 suspected to be false.

Plaintiff alleges that defendant Doe #2 arrived after the stop had been made to provide backup for Doe #1.  Plaintiff claims that he complained to Doe #2 that the stop had been made because of racial profiling and Doe #2 told him "to shut up or he would smash plaintiff in his black face."

Plaintiff claims that he was subsequently arrested by defendants for having a false registration.  Plaintiff finally alleges that defendants destroyed his legal[2] temporary registration to prevent him from having any evidence to clear himself of the charges.  Plaintiff seeks monetary relief.

**Discussion**

In general, fictitious parties may not be named as defendants in a civil action.  Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994).  An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery.  Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985).

---

[2] Plaintiff alleges that the temporary registration was issued by a car dealer named Sam Davis.

In this case, the complaint does not make sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. As a result, I will not order the Clerk to issue process on the complaint.

Because plaintiff is proceeding pro se and in forma pauperis, the Court will give him the opportunity to amend his complaint in accordance with the below instructions. Plaintiff is warned that his amended complaint will take the place of his original complaint and will be the only complaint which this Court reviews. In the amended complaint, plaintiff must state the real name of the John Doe defendants. Further, he must include all of the defendants whom he wishes to sue in the caption of the complaint and set out specific facts against each of them in the complaint. Failure to follow these instructions will result in the dismissal of the complaint without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint as described above within thirty (30) days from the date of this order.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the plaintiff is ordered to file an amended complaint.

Dated this 7th day of November, 2006.

                                       <u>/s/ Jean C. Hamilton</u>
                                       UNITED STATES DISTRICT JUDGE